GEORGE CARING AND OTHERS, APPELLANTS, *v.* HENRY E. RICHMOND, AS SHERIFF, &C., RESPONDENT.

*Chattel mortgage—when it is not rendered invalid by an agreement authorizing the mortgagor to sell the property.*

A chattel mortgage given by a vendee to his vendor, upon the goods purchased, is not rendered invalid, as a matter of law, by reason of an oral agreement, entered into at the time of its execution, by which the vendee agrees to manufacture the goods purchased into other articles and sell the same, and when such articles are sold to pay to the mortgagee the cash received upon cash sales, and assign to him the accounts for sales made on credit; the cash and accounts so received being applied, when so paid or assigned, in payment of the debt secured by the mortgage.

APPEAL from a judgment in favor of the defendant, entered on the report of a referee.

The plaintiffs claimed to recover certain property as the mortgagees of one Westbury. The defendant justified under certain

warrants of attachment issued to him as sheriff, against Westbury, after the execution of the plaintiffs' mortgage, and by virtue of which he had levied upon the property in suit, which was then in the possession of Westbury. The referee held that the mortgage was void as against the attachments, and reported in favor of the defendant.

*J. A. Stull,* for the appellants.

*J. B. Perkins,* for the respondent.

SMITH, J.:

It appears from the opinion of the referee that he held the mortgage void in law, by reason of a certain oral agreement which he found was made between the parties to the mortgage, before and at the time of the execution of the mortgage. The agreement, as found by the referee, was, that Westbury might manufacture the leather and findings sold to him by the plaintiffs (being a large part of the property covered by the mortgage), and sell them ; and that, when sold, he should pay over to the plaintiffs the cash received upon cash sales, and assign to the plaintiffs the accounts for sales that were not made for cash, and that such cash and assigned accounts should apply in payment of said chattel mortgage indebtedness, when so paid or assigned, to the amount of such cash payments and accounts. The referee concluded that the arrangement vitiated the mortgage, not for the reason that it authorized the mortgagor to sell on credit, the referee being of the opinion that the mortgagor might be allowed to sell on credit, as the agent of the mortgagees, consistently with good faith, provided the amount of the sales, when made, was to be applied in payment on the mortgage ; but his conclusion was based upon the circumstance that by the agreement, as he interpreted it, the credit sales were not to apply on the mortgage until the mortgagor should assign the bill of the goods sold, and as that necessarily implied that the sales should be in the name of the mortgagor, the referee deduced the result that on credit sales the mortgage debt would not be diminished when a sale was made, but the whole amount would be thrown upon the remaining property, and so the mortgage would continue

to protect the mortgaged property until the whole should be sold by the mortgagor, the mortgage debt remaining unpaid until the mortgagor should assign the accounts to the mortgagees. The force of the reasoning of the referee depends upon the assumption that the agreement did not require the mortgagor to assign the accounts at the time when the sales were made out of which they arose. But the finding, as we read it, is that the accounts were to be assigned when the sales were made. The language is "and *when sold*, should pay over to plaintiffs the cash received upon cash sales, and assign to plaintiffs the accounts of sales that were not made for cash."

Such finding is supported by the testimony of the mortgagor, and of Caring, one of the mortgagees. The only other testimony on the point is that of the plaintiff Weicher, who said that the accounts for goods sold were to be turned over "immediately upon selling them, or when I called over there." The balance of proof is in favor of the position that by the terms of the agreement the accounts were to be transferred immediately, or when the sales were made. Assuming that such was the agreement, we do not think that it necessarily made the mortgage void. At most, the circumstance was one to be considered in determining the question of intent. But it was not considered by the referee in that aspect, he not having found that the mortgage was fraudulent in fact. There were many other circumstances in the case, tending to show fraud in fact, but as that question was not passed upon at the trial, they are of no moment on this appeal.

When this case was before us on appeal from the order denying a motion to vacate the attachments (16 Hun, 458), it was made to appear that the agreement was that the accounts were not to be transferred and applied to the payment of the mortgage until collected. The decision then made has no application to the facts now shown.

It has been held that an agreement upon the mortgage of chattels, that the mortgagor shall keep possession and retail the goods for cash only, paying over the money to the mortgagee, is not fraudulent in law, but presents a question of good faith. (*Ford* v. *Williams*, 24 N. Y., 359.) We think the same rule applies to the

agreement in this case, as we understand it to be shown by the evidence and found by the referee, to wit, that the mortgagor might sell on credit as well as for cash, but, in case of sales on credit, he was to assign the accounts immediately to the mortgagees.

The judgment should be reversed, and a new trial ordered before another referee, costs to abide event.

TALCOTT, P. J., concurred; HARDIN, J., concurred in result.

Ordered accordingly.